JUD&E BULLITT
delivered the opinion op the court:
The appellants sued the appellee as drawer of a bill of exchange payable in New Orleans.
Upon the trial the appellants read a statute adopted by the legislature of Louisiana containing these provisions: “ That it shall be lawful for each and every notary public in New Orleans to appoint one or more deputies to assist him in the making of protests and delivery of notices of protests of bills of exchange and promissory notes: Provided, that each notary shall be personally responsible for the acts of each deputy employed by him. Each deputy shall take an oath, faithfully to perform his duties as such. The certificate of notice of protest shall state, by whom made or served.” The appellants also read two depositions, which we need not notice, and offered to read a certificate of the protest of said bill, which, on appellee’s motion, was excluded.
The only question presented here is, whether or not the court below erred in excluding said certificate. The only objection to it, which has been urged before us, is, that it was made by a notary, whilst, as it shows, payment of the bill was demanded by his deputy.
The cases of McLane vs. Fitch, 4 B. M., 600, and Bank of Ky. vs. Gary, 6 B. M., 629, are not decisive of this question, because, if for no other reason, there was no proof in those cases of any statute in Louisiana upon the subject under consideration.
*8 This caséis governed by the statute above cited. We have seen no decision upon that statute by a court in Louisiana.
But in the cases of Carter vs. Union Bank, 7 Humphreys, 548, and Chew vs. Read & Co., 11 Smedes & Mar., 188, it was decided that said statute, or one containing the same provisions, authorized a protest by a notary, after a presentment by his deputy, and that a certificate of protest like the one in this case was valid. In our opinion, those decisions are right.
The protest does not, as contended, contain merely hearsay evidence, that the bill was presented. It states that the notary, by his deputy, presented the bill.
In contemplation of law, the act of the deputy was the act of the notary, and the protest furnished, therefore, the same evidence of a presentment as if it had stated that the notary in person presented the bill.
The reasons urged to prove that, under said statute, a notary cannot base a certificate of protest upon a presentment by his deputy, apply with equal forcé, to prove that he cannot base a certificate of notice of protest, upon a service of notice by his deputy. The statute however, declares, that “ the certificate of notice of protest shall state by whom [the notice was] made or servedfrom which it seems clearly inferable that the legislature contemplated that the notice might be served by one, and certified by another.
The judgment is reversed, and the cause remanded for a new trial, and other proceedings not inconsistent herewith.